FRED W. JONES, Jr., Judge.
We now consider the second appeal of this suit for damages for a tractor lease default after having remanded the case to the trial court, following the first appeal, for the taking of evidence relative to actual damages sustained by the lessor. See American Leasing Co. v. Miller & Son, 469 So.2d 325 (La.App. 2d Cir.1985). Referring to the Lease of Movables Act (La. R.S. 9:3261-3272), we held:
“ ... the LMA does not allow a lessor to recover all future rentals after cancellation of a lease because of the lessee’s default and after the lessee is dispossessed, but recovery of only such damages as are found reasonable by the court, whether or not those damages are stipulated.” p. 329.
We had previously noted that this lease contract did not contain a stipulated damage clause.
Evidence presented upon remand showed that the plaintiff-lessor had recovered a total of $38,838.26 from lease payments and $20,000 for sale of the tractor some eight months after its return to the lessor. In contrast to this total of $58,838.28, the lessor had invested $52,000 as cost of the tractor and $3,293 in litigation expenses, or a total of $55,293. Consequently, the trial court concluded that plaintiff had failed to prove it suffered any actual damages and, further, presented no evidence of attempts to mitigate its loss. Judgment was accordingly rendered rejecting plaintiff’s claims.
Plaintiff-lessor appealed, contending the trial judge erred in (1) finding the lessor sustained no actual damages and (2) holding the lessor had not sufficiently mitigated its damages.
For the reasons hereinafter set forth, we affirm the district court judgment.
Plaintiff-lessor relies upon La.C.C. Article 1995 which provides that “damages are measured by the loss sustained by the obli-gee and the profit of which he has been deprived.” It is argued that the anticipated 13.83% return on the rental contract should be construed as the lessor’s “profit” and that its actual damages should be calculated upon this basis.
As pointed out in our first opinion, this lease did not contain a stipulated damage clause. Furthermore, accepting the logic of plaintiff’s argument would require as assessment of damages the full payment of the balance of all future rent owed by the lessee, whether default occurred in the first month or the last month of the lease.
Be that as it may, we agree with the trial court that the plaintiff-lessor presented no evidence that it attempted to mitigate any loss it suffered. Our law requires the non-defaulting obligee to make reasonable efforts to mitigate his damages and, upon failure to do so, the defaulting party may demand that damages be appropriately reduced. La.C.C. Article 2002.
Plaintiff-lessor made no attempt to explain the eight month delay in sale of the lease equipment. There was no evidence of an appraisal of the tractor, of general trends in the market for used heavy equipment, of efforts to negotiate another lease, or of the reasonableness of the $20,000 sale price.
Plaintiff contends the trial judge should have considered or taken judicial notice of the “common knowledge” that the market for heavy equipment was experiencing a recession at the time of the sale— which explained the eight month delay. However, the record contains no request *766 that the trial court take such judicial notice.
For these reasons, we conclude that the trial judge did not err in rejecting plaintiffs claim for damages and, accordingly, affirm the district court judgment, at plaintiff’s cost.